FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL SCANTLIN and ORA
SCANTLIN,

Plaintiffs - Appellants,

v.

GENERAL ELECTRIC COMPANY,

Defendant - Appellee.

No. 11-55812

D.C. No. 5:10-cv-00333-VAP-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 6, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

The district court entered judgment as a matter of law for the defendant, finding

no proof that an alleged product defect caused the plaintiff's injury. We vacate the

judgment and remand for a new trial.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.      Michael Scantlin was badly burned when an industrial switchboard exploded; he sued General Electric ("GE"), the switchboard manufacturer.  Scantlin contended that the explosion occurred when he was working in a safe area and leaned against a metal barrier, which flexed and contacted a live busbar in the "hot" section of the switchboard.  GE contended that Scantlin had negligently lowered a metal hook and chain into the "hot" section, contacting the live busbar.

Scantlin offered the expert testimony of Dr. Armstrong, an electrical engineer. The court allowed Dr. Armstrong to opine that the hook and chain did not cause the explosion.  However, the court precluded Dr. Armstrong from testifying that contact between the barrier and the busbar caused the explosion because the expert had not performed any testing concerning the flexibility of the barrier.  After Scantlin rested his case-in-chief, the district court granted GE judgment as a matter of law, finding insufficient evidence that the explosion was caused by contact between the metal barrier and the busbar.

2.      There is no dispute that Dr. Armstrong was "qualified as an expert by knowledge, skill, experience, training or education" in the field of electrical engineering, *see* Fed. R. Evid. 702, or that his opinion about the cause of the explosion would "help the trier of fact to understand the evidence," *see id.* 702(a).  Dr.

2

Armstrong's report documented that after reviewing and performing tests on the physical evidence, consulting photographs of the equipment, and reading deposition testimony, he had concluded that there were but two possible causes of the explosion: either the metal barrier flexed and touched a live busbar or the chain and hook touched a busbar. These were also the only causes suggested by the parties in the pretrial statement.

Dr. Armstrong ruled out the chain and hook as a possible cause, and the district court allowed him to so testify. Having correctly concluded that Dr. Armstrong's testimony on this issue was "the product of reliable principles and methods," *see id.* 702(c), the court erred as a matter of law in precluding him from testifying that contact between the barrier and the busbar must therefore have been the cause. Because Dr. Armstrong scientifically determined that only two causes were possible and "ruled out" one of the two, the district court should have allowed Dr. Armstrong to testify that the remaining possibility (i.e., contact between the barrier wall and the busbar) was in fact the cause. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1057 (9th Cir. 2003). The absence of testing on the barrier is a proper subject for cross-examination, but did not preclude the expert from offering his opinion. *See* Fed. R. Evid. 702 advisory committee's note on 2000 Amendments ("[T]he trial court's

role as gatekeeper is not intended to serve as a replacement for the adversary system."

(quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)).

We VACATE the judgment and REMAND for a new trial.